# UNITED STATES COURT OF APPEALS

## *for the*

## SIXTH CIRCUIT

| | | |
|---|---|---|
| **MARINA DEBITY,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **vs.** | ) | No. 24-5137 |
| | ) | |
| **MONROE COUNTY, TN BOARD** | ) | *Appeal from the United* |
| **OF EDUCATION,** | ) | *States District Court for the* |
| | ) | *Eastern District of Tennessee* |
| **Defendant-Appellee.** | ) | |

---

## REPLY BRIEF OF PLAINTIFF-APPELLANT MARINA DEBITY

---

JESSE D. NELSON (TN BPR # 025602)
CLINT J. COLEMAN (TN BPR # 038413)
NELSON LAW GROUP, PLLC
*Attorneys for Appellant*
10263 Kingston Pike
Knoxville, Tennessee 37922
(865) 383-1053
*jesse@NLGattorneys.com*
*clint@NLGattorneys.com*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................... i

TABLE OF AUTHORITIES................................................................. ii

ARGUMENTS IN REPLY ...................................................................1

    1. Defendant does not actually dispute that the trial court applied an incorrect legal standard in finding the jury's verdict was a special verdict rather than a general verdict with questions....................................................................................1

    2. Defendant fails to point to evidence capable of sustaining judgment in its favor on its affirmative defense, and it has waived opposition of this issue............................................................7

CERTIFICATE OF COMPLIANCE .....................................................14

CERTIFICATE OF SERVICE...............................................................15

ADDITIONAL DESIGNATION OF RECORD ....................................16

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Albemarle Paper Co. v. Moody,*
    422 U.S. 405, 418 (1975) ........................................................3, 6

*Bahamas Agr. Indust. Ltd. v. Riley Stoker Corp.,*
    526 F.2d 1174, 1183 (6th Cir. 1975) ........................... 3

*Beck-Wilson v. Principi,*
    441 F.3d 353 (6th Cir. 2006)......................................................7

*C.I.R. v. Schleier,*
    515 U.S. 323 (1995) ................................................... 6

*Corning Glass Works v. Brennan,*
    417 U.S. 188, 205 (1974)........................................... 8

*Freeman v. Chicago Park District,*
    189 F.3d 613, 615 (7th Cir. 1999)............................................4, 5

*Grover Hill Grain Co. v. Baughman-Oster, Inc.,*
    728 F.2d 784, 792–93 (6th Cir. 1984)......................................10

*Holloway v. McIntyre,*
    838 F.2d 471 (6th Cir. 1988) ..................................... 3

*Hopkins v. Coen,*
    431 F.2d 1055, 1059 (6th Cir. 1970) .......................... 3

*Johnson v. Howard,*
    24 Fed. Appx. 480 (6th Cir. 2001) ............................. 3

*Neely v. Fox of Oak Ridge, Inc.,*
    No. 3:05-C-V304, 2006 WL 2076797 (E.D. Tenn.
    July 24, 2006) ........................................................5, 6

ii

*Palmeri v. Goodwill Indus. of Middle TN*,
   No. 3:17-cv-00901, 2018 WL 4030571, at *6 (M.D. Tenn.
   Aug. 23, 2018) ............................................................................. 9

*Portage II v. Bryant Petroleum Corp.*,
   899 F.2d 1514, 1520 (6th Cir. 1990) ....................................... 1, 4

## **Statutes & Court Rules**

Fed. R. Civ. P. 49 .................................................................... 3

## ARGUMENTS IN REPLY

**I.    Defendant does not actually dispute that the trial court applied an incorrect legal standard in finding the jury's verdict was a special verdict rather than a general verdict with questions.**

In her opening brief, Debity showed that the district court applied an incorrect legal standard regarding the type of verdict the jury returned, and based on this error reached other erroneous conclusions. Defendant does not advance any argument to the contrary. Without citation or argument, Defendant simply says the verdict was a special verdict. Defendant has, if implicitly, conceded the objections raised by Ms. Debity.

*First*, Debity pointed to Sixth Circuit authority establishing that ours was a general verdict with questions and not a special verdict as the trial court held because, *inter alia*, the court thoroughly instructed the jury on the law and tasked the jury with applying the law to the facts. (*Compare* Tr.-Vol. III, RE 82-1, Page ID # 1656-57 *with Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514 (6th Cir. 1990)). The Magistrate Judge's holding that the jury made <u>no</u> findings of law and <u>only</u> findings of fact is clear and obvious error when the court instructed the jury otherwise numerous times, including:

- "And so, members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case."

- "You have two main duties as jurors. The first is to decide what the facts are from the evidence . . . . Your second duty is to take the law that I give you, apply it to the facts and decide if plaintiff has proven her claims[.]"

- "The issues for you to determine in this case are: one, whether plaintiff has established her discrimination claim . . . ; two, whether defendant has established . . . that it relied on one or more legal justifications for any pay disparity; three, whether plaintiff has established her retaliation claim by a preponderance of the evidence; and, four, . . . if plaintiff prevails at trial on either of her claims, the amount of back pay, front pay and/or compensatory damages she may be entitled."

- "If plaintiff fails to meet this burden as to her claims, then your verdict on her claims must be for defendant."

- "After you determine the facts, you must apply the law that has been given to you . . . . You must decide the case solely on the evidence before you and according to the law given to you."

(Tr.-Vol. III, RE 82-1, Page ID # 1656-57, 1659, 1667).

*Second*, Debity demonstrated that under the correct legal standard – Federal Rule of Civil Procedure 49(b) – the Magistrate Judge was not permitted to enter judgment in either party's favor on the inconsistent verdict,[1] or if the court did so, was required to grant the parties a new trial if timely requested.   Fed. R. Civ. P. 49(b)(4) ("When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, *judgment must not be entered;* instead, the court must . . . order a new trial.").  *See also Bahamas Agr. Indust. Ltd. v. Riley Stoker Corp.*, 526 F.2d 1174, 1183 (6th Cir. 1975) ("Rule 49(b) gives the trial judge no authority to enter judgment for any party [when verdict is inconsistent].");  *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir. 1970) (holding motion for new trial "if timely made, is not discretionary").

---

[1] The jury's verdict was fatally inconsistent because it awarded her nearly $200,000.00 (which represents legal injuries (*Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975)) based on its verdict being "in favor of the plaintiff," yet checked that Defendant proved its affirmative defense and that she had not established her separate retaliation claim. If not inconsistent on its face – which it is – the verdict is nevertheless violative of the trial court's repeated admonitions and instructions – another fatal flaw.  *Holloway v. McIntyre*, 838 F.2d 471 (6th Cir. 1988) (holding court's effort to reconcile verdict must "consider[ ] the particular instructions given");  *Johnson v. Howard*, 24 Fed. Appx. 480 (6th Cir. 2001) ("[T]he consistency of the jury verdict must be considered in light of the judge's instructions to the jury.").

*Third*, Debity showed how the Magistrate Judge's application of the incorrect legal standard caused the court to err further by ignoring the jury's finding of a legal injury and cherrypicking the finding on which to enter judgment, which this Court in *Portage II* found to constitute reversible error:  "The district court abused its discretion by construing the jury questions—which on their face were general verdicts with interrogatories—as special verdicts in order to obtain a favorable judgment for [defendant]." *Portage II*, 899 F.2d at 1524.

*Fourth*, Debity showed that the Magistrate Judge's heavy reliance on the out-of-circuit case *Freeman v. Chicago Park District* was additional proof of the court's error due to the material differences between our case and *Freeman*.  The Seventh Circuit in *Freeman* made a point to note that "the district court and the parties <u>agreed</u> that the verdict forms . . . were special verdict forms under Rule 49(a)," which the Seventh Circuit therefore accepted.  *Freeman*, 189 F.3d 613, 615 (7th Cir. 1999) (emphasis added).  The verdict form in *Freeman* also allowed the jury to conclude that behavior <u>other</u> than illegal harassment caused plaintiff's damages.  *Id.*

In contrast, no such "agreement" of a special verdict exists in our case, and the law is unambiguous that ours was _not_ a special verdict.[2] Equally important, the jury in the case at hand was not permitted by the court's instructions or the verdict form to attribute Debity's damages to anything *other* than Defendant's illegal treatment of her.[3] (*See, e.g.*, Tr.-Vol. III, RE 82-1, Page ID # 1673-74).

Rather than the out-of-circuit *Freeman* case, the same court from which our case originates, the Eastern District of Tennessee, applied the correct legal standard in *Neely v. of Oak Ridge, Inc.* under very similar facts.  Perhaps due to an error on the verdict form (the same error found on our form), the jury in *Neely* checked the box absolving defendant of liability but proceeded to award plaintiff damages.[4]  No. 3:05-C-V304,

---

[2] In this way, the Seventh Circuit made a critical observation in *Freeman*:  "The term 'damages' in the context of a special verdict has a more limited meaning than in a general verdict." *Freeman*, 189 F.3d at 615.  Such an important recognition underscores the seriousness of the error committed by our district court in choosing to classify the verdict as a special verdict so to carve out the inconsistent finding of damages.

[3] Defendant's assertion that the jury's verdict in favor of Debity for almost $200,000 was an "advisory opinion" akin to O.J. Simpson's book If I Did It is simply farcical.  Nothing in the court's instructions or the verdict form allowed the jury to give an advisory, hypothetical opinion.

[4] The jury's award of damages in our case has even stronger legal significance than in *Neely* because damages under Title VII reflect a finding of legal injuries, not just factual losses.  *Moody*, 422 U.S. at 418; *C.I.R. v. Schleier*, 515 U.S. 323, 334-35 (1995).

2006 WL 2076797 (E.D. Tenn. July 24, 2006). The district court correctly determined the type of verdict at issue (general verdict with questions, not a special verdict), applied the correct legal standard (Rule 49(b)), found the verdict to be inconsistent and/or contrary to the court's instructions, and granted a new trial. *Id.* Poignantly, the court stated: "The Court finds that the overriding issue is the integrity of the process itself. . . . Rule 49(b) states that a new trial may be ordered, and the Court finds that it must be so ordered in this case." *Id.*

Defendant disputes none of this in its response brief. As it did below, Defendant ignores entirely Ms. Debity's proof about the type of verdict the jury returned. It makes no attempt to dispute that Rule 49(b) is the correct legal standard, not Rule 49(a) as held by the Magistrate Judge. Furthermore, Defendant does not dispute the Magistrate Judge's error in finding *Freeman* to be on point despite the material differences in that case, nor does Defendant suggest that *Neely* is distinguishable. In the proceedings below and now in this Court, Defendant fails to advance any argument against Ms. Debity's showing of clear and reversible error.

## II.    Defendant fails to point to evidence capable of sustaining judgment in its favor on its affirmative defense, and it has waived opposition of this issue.

In her opening brief, Ms. Debity demonstrated why the evidence introduced at trial was legally insufficient to sustain judgment in Defendant's favor on the EPA's "any other factor than sex" affirmative defense.  Citing the record, Debity showed Defendant's decisionmaker gave three possible reasons for the discriminatory salary:  (1) He only budgeted $60,000 for the position, (2) it was a new position, and (3) an unexpected need arose to hire a teacher instead of an aide in an unrelated position.  (*See* Tr.-Vol. III, RE 79, Page ID # 1531-32, 1552-54).  For any of these reasons to be capable of supporting Defendant's "heavy" burden of proof under the EPA, Defendant was required to prove it specifically chose the proffered reason for a legitimate purpose.  *Beck-Wilson*, 441 F.3d at 365.[5]

Ms. Debity showed the first argument fails as a matter of law because *budgeting* a discriminatory salary is not an excuse any more

---

[5] The court explained this rule of law to the jury:

> It is not enough for you to find that the Defendant could have relied on one or more reasons for the pay disparity other than sex. You must be convinced by a preponderance of the evidence that Defendant *actually did rely* on the reason given.

(Tr.-Vol. III, RE 82-1, Page ID # 1672) (emphasis added).

than a discriminatory policy in a handbook is an excuse.[6]  "We paid Debity a discriminatory salary because we budgeted a discriminatory salary (and refused to remedy it when confronted)" is utterly incongruous with the Equal Pay Act. *Corning Glass Works v. Brennan*, 417 U.S. 188, 205 (1974) ("That the company took advantage of such a situation may be understandable as a matter of economics, but its [pay] differential nevertheless became illegal once Congress enacted into law the principle of equal pay for equal work.").

That Debity's was a new position is likewise incapable of sustaining judgment.  The record is unrefuted that Defendant added the position to its budget, obtained formal approval from the school board, and publicly posted the vacancy through its customary channels.  (*See, e.g.*, Tr.-Vol. II, RE 78, Page ID # 1355-56, 59).  Accepting Defendant's

---

[6] In addition to the excuse's legal insufficiency, undisputed facts in the record negate it.  For one, professional employee salaries are set according to their educational attainment and years of public school service, not Ferguson's budget.  Ferguson admitted he would have had to "find the money" if a candidate's education/years of service entitled him or her to a higher salary than his budgetary estimate.  (Ferguson Dep., RE 37-1, Page ID # 198-99).  Second, after Debity pointed out the salary discrimination, he increased the offer above the budgeted amount (though still much less than the lesser qualified male's), proving that his budget was not a real limitation.  *Id.*  Third, the record is unrefuted that Ferguson had a $207,625.00 budget *surplus* he told the board he was having difficulty spending.  (Tr.-Vol. III, RE 79, Page ID # 1555, and Tr. Exh. 59).

assertion as true still fails to provide legal justification for what is otherwise discriminatory pay.[7] *See, e.g.*, *Palmeri v. Goodwill Indus. of Middle TN*, No. 3:17-cv-00901, 2018 WL 4030571, at \*6 (M.D. Tenn. Aug. 23, 2018) (relying on remedial purpose of EPA to find insufficient employer's generalized explanation of pay differential).

Defendant's third reason fails just as surely. It is axiomatic that Defendant cannot have had a legitimate reason to discriminate <u>*before*</u> that reason came into existence.[8] The record is undisputed that by the time Ferguson learned of the need to replace a retiring teacher, he had already offered Debity the discriminatory salary and cut off further negotiations. (*See, e.g.*, Tr.-Vol. I, RE 77, Page ID # 1216, and Tr. Exh. 32).

In its order denying Debity's motion for judgment as a matter of law, the Magistrate Judge said in a footnote the court was only summarizing Ferguson's testimony but had "reviewed all of the testimony presented at trial [and] finds that the jury could have reasonably determined that Defendant had a legitimate reason based on

---

[7] That the jury found in Debity's favor on the comparable job element of her discrimination claim gives added weight to this argument. (*See, e.g.*, Verdict Form, RE 61, Page ID # 341).

[8] *See* Footnote 5, *supra*.

a factor other than sex to offer Plaintiff less than a similarly-situated male[.]" (Mem. Op., RE 84, Page ID # 1700, FN 4). The Magistrate Judge failed to identify the parts of Ferguson's testimony specifically or the record generally she found sufficient to sustain Defendant's burden of proof (and therefore erred in this respect).[9]

Defendant's effort fails all the more. Defendant made zero effort to point this Court to any evidence in the record, just as it failed to do so below. In the district court, Defendant requested an extension of time to respond to Debity's post-trial motion because it needed the full trial transcript to dispute the "certain trial testimony" cited by Ms. Debity in her motion. (Def. Mot., RE 75, Page ID # 1017; Decl. of Knight, RE 74-1, Page ID # 1016). After getting the transcript, Defendant said that upon giving the matter "much thought," it was expressly *declining* to identify evidence it believed could sustain judgment, saying instead it had "no desire to engage in a tit-for-tat with Plaintiff regarding [trial] testimony[.]" (Def's Resp., RE 82, PageID # 1647). The reason for its

---

[9] *Grover Hill Grain Co. v. Baughman-Oster, Inc.*, 728 F.2d 784, 792–93 (6th Cir. 1984) ("The findings should be explicit so as to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the grounds on which the trial court reached its decision.").

change of heart is that Debity's arguments are correct:  <u>Defendant failed as a matter of law to meet its burden of proof</u>.

Identically, Defendant makes no attempt to point this Court to such evidence.  Instead it simply copies/pastes the Magistrate Judge's summary of Ferguson's testimony – no part of which is capable of sustaining Defendant's burden of proof as even the district court seemed to acknowledge.[10]

As the party with the burden of proof, Defendant should have pointed the district court and this Court to evidence in the record on which it lawfully could have prevailed.  For now a second time, Defendant has made no effort to point to such evidence.  Therefore, Ms. Debity respectfully requests that the Court instruct the district court to enter judgment in Ms. Debity's favor according to the jury's determination that she met her burden of proving Defendant's illegal discrimination.

---

[10] The Magistrate Judge differentiated her summary of Ferguson's testimony with her conclusion in footnote 4 that other evidence, not identified, (apparently) formed the actual basis of the court's holding.

## <u>CONCLUSION</u>

Defendant does not address[11] or has failed to negate Ms. Debity's showing that the lower court committed clear and reversible error by carving out portions of the jury's inconsistent verdict on which to enter judgment and separately by failing to enter judgment in Ms. Debity's favor as a matter of law.

For these reasons, Plaintiff/Appellant Marina Debity respectfully renews her request that this Court **REVERSE AND REMAND** with instructions to enter judgment in Ms. Debity's favor on her discrimination claim in the amount of the jury's verdict, or in the alternative, to order a new trial on all issues.

---

[11] Ms. Debity made additional arguments in her opening brief that Defendant fails to address. (*See* Br. of Appellant, 6 Cir. R. 15, Page ID # 43-53). Debity submits that by failing to substantively respond, Defendant has conceded the correctness of those arguments as well as the specific ones noted in this reply.

RESPECTFULLY SUBMITTED,


 s/ Jesse D. Nelson
JESSE D. NELSON (BPR # 025602)
CLINT J. COLEMAN (BPR # 038413)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@NLGattorneys.com
clint@NLGattorneys.com

*Attorneys for Appellant Marina Debity*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32 (a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned certifies that the countable portion of Appellant's Reply Brief contains approximately 2,704 words in a proportional font.

## CERTIFICATE OF SERVICE

I certify that the foregoing Brief of Appellants was served via the Appellate Court's ECF Filing System on all parties directed and authorized to receive such service, as shown on the ECF filing receipt, on this 15th day of July, 2024.


 _s/ Jesse D. Nelson_
Attorney for Appellant

## ADDITIONAL DESIGNATION OF
## DISTRICT COURT DOCUMENTS

20.  Def's Mot. for Extension of Time to Respond, RE 74, Page ID # 1013-1014

    a.  Decl. of Knight, RE 74-1, Page ID # 1015-1016

21.  Def's Memo in Support of Extension of Time to Respond, RE 75, Page ID # 1017-1018